# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 8, 2019

```
* * * * * * * * * * * * *
DONALD A HAUBNER,              *      No. 16-1426V
                               *
           Petitioner,         *      Special Master Sanders
                               *
v.                             *
                               *      Decision; Interim Attorneys' Fees and Costs;
SECRETARY OF HEALTH            *      Reduced Hourly Rates; Reduced Hours
AND HUMAN SERVICES,            *      Expended; Paralegal-Level Work;
                               *      Reasonable Costs
           Respondent.         *
* * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Daniel A. Principato*, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 9, 2018, Donald A. Haubner ("Petitioner") moved for an award of interim attorney's fees and costs ("IAFC"). Pet'r's Mot. for IAFC, ECF No. 41. After careful consideration, the undersigned has determined to grant this request in part.

**I. Procedural History**

This case was originally assigned to Special Master Hamilton-Fieldman on October 31, 2016. ECF No. 4. On October 28, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleges that he suffers from a series of conditions, including peripheral neuropathy,

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), a party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3578, codified as amended, 42 U.S.C. 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). For ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

carpal tunnel syndrome, and hypothyroidism, as a result of the flu vaccine administered on October 20, 2013. Pet. at 1, ECF No. 1.

On January 13, 2017, this case was reassigned to the undersigned. ECF No. 12. Over the ensuing months, Petitioner submitted medical records pursuant to requests from Respondent and the undersigned. *See, e.g.*, ECF Nos. 14, 17, 27. Respondent filed his Rule 4(c) Report on December 15, 2017, in which he argues that Petitioner's alleged injuries preexisted the administration of the flu vaccine in question. Resp't's Report, ECF No. 31. Respondent also argues that Petitioner lacks a persuasive medical theory and is therefore not entitled to compensation. *Id.*

On January 2, 2018, Petitioner's former counsel, Mr. Otwell Rankin, filed an unopposed Motion to Withdraw as Attorney. Pet'r's Mot. to Withdraw, ECF No. 32. On January 4, 2018, the undersigned requested an affidavit from Petitioner attesting that he understands the implications of proceeding *pro se*. ECF No. 33. On February 1, 2018, Petitioner filed this affidavit, ECF No. 34, and on February 7, 2018, the undersigned granted Mr. Rankin's Motion to Withdraw. ECF No. 35.

On April 9, 2018, Petitioner filed a motion for interim attorney's fees and costs for the work performed by his former counsel. Pet'r's Mot. for IAFC, ECF No. 41. In his motion, Petitioner requests $20,481.57 in attorneys' fees and $920.29 in attorneys' costs, totaling $21,401.86. *Id.* at 1. Nevertheless, Exhibit 1 to the motion, which is the invoice for all services rendered by Petitioner's former counsel, shows that the total fees amount equals $25,069.27. *Id.*, Ex. 1 at 7, ECF No. 41-1. After a careful review of the hours and rates given in the invoice for each individual service rendered, the undersigned finds that the amount of $25,069.27 corresponds to the interim fees requested by Petitioner.

Respondent filed his Response to Petitioner's Motion for Interim Attorneys' Fees and Costs on April 26, 2018. Resp't's Response, ECF No. 44. Respondent stated that Petitioner has met "the statutory requirements [of good faith and a reasonable basis]" and requested that the undersigned exercise her discretion to determine the appropriateness and reasonableness of Petitioner's request. *Id.* at 2–3. Petitioner did not file a reply.

On August 15, 2018, Petitioner filed a motion requesting that Mr. Andrew Downing be submitted as his counsel of record, ECF No. 52, which was granted. Non-PDF Clerk's Notice, docketed Aug. 17, 2018.

This matter is now ripe for disposition.

**II. Availability of Interim Attorneys' Fees and Cost**

    **A. Interim Attorneys' Fees**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).

Regarding interim attorneys' fees and costs, the Federal Circuit stated in *Avera* that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Similarly, in *Shaw*, the Federal Circuit held that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010). An appropriate circumstance in which to award interim fees can occur when petitioner's counsel withdraws from a case. *Faup v. Sec'y of Health & Human Servs.*, No. 12-87V, 2017 WL 2257429, at *5 (Fed. Cl. Spec. Mstr. Apr. 21, 2017) (citing *Davis v. Sec'y of Health & Human Servs.*, No. 15-2777V, 2016 WL 3999784, at *3 (Fed. Cl. Spec. Mstr. July 5, 2016)).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* at 1347–48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rates" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rates" are akin to the rates "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.* The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained in these schedules are updated from the decision in *McCulloch*, 2015 WL 5634323 at *19.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521 (internal citations omitted).

In this case, Respondent does not contest good faith or reasonable basis, *see* Resp't's Response, ECF No. 44, and the undersigned finds both satisfied. Moreover, the undersigned finds awarding interim attorneys' fees and costs is appropriate because Mr. Rankin withdrew from this case as Petitioner's counsel.

### a. Hourly Rates

Petitioner requests the following rates of compensation for the two attorneys who initially worked on his case, Ms. Barbara Bonar and Mr. Otwell Rankin.

Barbara Bonar:[4]
    2015 – $450.22
    2016 – $468.23

Otwell Rankin:[5]
    2015 – $290.50
    2016 – $351.67
    2017 – $365.74
    2018 – $380.37

Paralegal work (Mr. Rankin):[6]
    2016 – $135
    2017 – $150

### Ms. Bonar

Ms. Bonar has over thirty years of experience. *See* Pet'r's Mot. for IAFC, Ex. 2 at 1, ECF No. 41-2. The undersigned notes, however, that Ms. Bonar's requested rates are above the *McCulloch* ranges for attorneys with her experience. In *Windhorst*, she was awarded $385 per hour for work performed in 2015 and 2016. *See Windhorst v. Sec'y of Health & Human Servs.*, No. 13-647V, 2017 WL 4768125, at *2 (Fed. Cl. Spec. Mstr. Sept. 27, 2017). Thus, the

---

[4] Pet'r's Mot. for IAFC, Ex. 1 at 1–2, ECF No. 41.
[5] *Id.* at 1–7.
[6] *Id.* at 2, 4–5.

4

undersigned finds her previously awarded rates reasonable and awards Petitioner $385 per hour for Ms. Bonar's work performed in 2015 and 2016.

### Mr. Rankin

Mr. Rankin has been a practicing attorney since 2009. *See* Pet'r's Mot. for IAFC, Ex. 3 at 1, ECF No. 41-3. Until 2016, Mr. Rankin was an attorney with four to seven years of experience and within the *McCulloch* range of $225 to $300. In *Windhorst*, he was awarded $250 per hour for work performed from November 2014 through 2016. *See Windhorst*, 2017 WL 4768125, at *2. Mr. Rankin will likewise be awarded the same rate here for the work he performed in 2015 and 2016. In 2017 and 2018, Mr. Rankin qualified for the eight-to-ten-years rate range, or $281 to $351. In *Windhorst*, he was awarded $281 per hour for work performed in 2017. *See id.* The undersigned finds $281 to be a reasonable rate for his work performed in 2017. Mr. Rankin's requested rate of $380.37 for 2018 is above the *McCulloch* range for attorneys with his experience. The undersigned instead awards Petitioner $330.50 per hour for Mr. Rankin's work performed in 2018.

### Paralegal Work

Regarding Mr. Rankin's paralegal work, the undersigned finds Petitioner reasonably requested an hourly rate of $135 for work performed in 2016, and the undersigned awards this rate. For paralegal work performed in 2017, the undersigned awards $145 per hour per *Windhorst*. *See id.*

### b. Reduction of Billable Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation[.]" *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary[.]" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In total, Petitioner requests compensation for 6.25 hours of work expended by Ms. Bonar and 65.30 hours expended by Mr. Rankin.

The undersigned has reviewed the billing records and finds that the requested hours require some adjustments. Specifically, Petitioner requests compensation for clerical and administrative work, including filing documents on CM/ECF, receiving and reviewing court orders, and traveling to the post office to mail documents. Petitioner also requests compensation at an attorney's hourly rate for paralegal work.

For these reasons, and after carefully reviewing Petitioner's motion for interim fees and costs, the undersigned finds that a reduction in Petitioner's fees award is warranted. In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen*, 102 Fed. Cl. at 729; *see also Wasson*, 24 Cl. Ct. at 484. Rather, special masters may "'render a decision based on general guidelines as to a reasonable fee[]'" in the context of the Vaccine Program and of this case in particular. *Id.* at 484.

5

### i.   Paralegal Time

Attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, but such work must be billed at a rate that is comparable to what would be paid for a paralegal performing the same task.  *Doe ex rel. Estate of Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)) ("[T]he rate at which [certain] work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed.").  Paralegal tasks include routine letter-writing, medical record requests and authorizations, preparation of exhibits for filing, and preparation of routine filings.  *Id.* (citing *Scoutto v. Sec'y of Health and Human Servs.*, No. 90–3576V, 1997 WL 588954, *2 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Barnes v. Sec'y. of Health and Human Servs.*, No. 90–1101V, 1999 WL 797468, *4 (Fed. Cl. Spec. Mstr. Sept. 17, 1999); *Rupert v. Sec'y of Health and Human Servs.*, No. 99–774V, 2002 WL 360005, *5 (Fed. Cl. Spec. Mstr. Feb. 14, 2002), *remanded on other grounds*, 52 Fed. Cl. 684 (2002)).

Here, although Mr. Rankin billed at attorney rates for most of the work he performed, the billing entries reveal that some of that work was in fact paralegal.  For instance, Mr. Rankin billed 2.9 hours for transmitting medical records requests to providers in 2016.  *See* Pet'r's Mot. for IAFC, Ex. 1 at 1–3, ECF No. 41-1.  He also billed 1.55 hours for transmitting similar requests in 2017 and for preparing a subpoena, which is a routine court filing.  *Id.* at 3–6.  The undersigned therefore finds that a reduction in attorneys' fees is warranted.

### ii.   Clerical and Administrative Work

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates.").  Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge."  *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature.  Examples include scheduling status conferences, organizing exhibits, preparing compact discs . . . and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that a paralegal billed for "administrative tasks, including . . . filing exhibits," which are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Here, Mr. Rankin's billing records contain numerous entries that are best characterized as clerical and administrative work.  For example, Mr. Rankin billed time for filing documents on CM/ECF, preparing hard copies of various documents, "recei[ving] and review[ing]" routine

6

court orders, and e-mailing Ms. Bonar. *See* Pet'r's Mot. for IAFC, Ex. 1 at 1–7, ECF No. 41-1. Mr. Rankin also billed time for "travel[ing] to [the] post office to mail [documents] to Respondent," which is not compensable in the Program. *Id.* at 2; *see Starr v. Sec'y of Health & Human Servs.*, No. 14-929V, 2018 WL 2772238, at *5 (Fed. Cl. Spec. Mstr. Apr. 18, 2018) (noting that travel is awarded when attorneys travel to meet their clients or to attend hearings); *see also Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 789 (2010) ("[C]ompensation for travel time is contingent on work being performed on the case while traveling, and . . . the work must be sufficiently documented to qualify for compensation.") (internal citations omitted). Additionally, in 2017, Mr. Rankin billed 0.30 hours for preparing a DVD-R for Petitioner with all the pleadings, while in 2018, he billed 0.50 hours for copying files to a disc for Petitioner. *See* Pet'r's Mot. for IAFC, Ex. 1 at 6–7, ECF No. 41-1. In total, at least 8.75 hours of Petitioner's billable time are best characterized as such clerical and administrative work, and the undersigned finds that this supports a reduction in attorneys' fees.

For all these reasons, the undersigned finds it necessary to reduce the amount of interim attorneys' fees awarded by ten percent. Because Petitioner requests $25,069.27 in interim fees, this results in a reduction of **$2,506.93**.[7]

### B. Interim Attorneys' Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Dep't of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests $920.29 in interim attorneys' costs related to sending and receiving faxes, making photocopies, obtaining medical records, postage, and mileage related to Mr. Rankin's traveling to and from Petitioner's house. Pet'r's Mot. for IAFC, Ex. 1 at 7–8, ECF No. 41-1. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of the requested costs. Accordingly, the undersigned awards Petitioner interim attorneys' costs in the amount of **$920.29**.

### III. Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable interim attorneys' fees and costs:

| | |
|---|---:|
| Interim Attorneys' Fees Requested in Motion | $25,069.27 |
| (Reduction to Attorney Hours) | $2,506.93 |
| **Interim Attorneys' Fees Awarded** | **$22,562.34** |
| | |
| Interim Attorneys' Costs Requested | $920.29 |
| **Interim Attorneys' Costs Awarded** | **$920.29** |
| | |
| **Total Interim Attorneys' Fees and Costs Awarded** | **$23,482.63** |

---

[7] $25,069.27 * 0.1 = $2,506.93.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for interim fees and costs, other than those reductions delineated above, is reasonable and should be awarded at this time.  Accordingly, the undersigned hereby awards **a total of $23,482.63 to be issued in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, Mr. Otwell Rankin, of the Law Offices of Bonar, Bucher & Rankin, PSC, for interim attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).