# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 24, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DONALD A. HAUBNER, | * | |
| | * | No. 16-1426V |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Andrew Henning*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 28, 2016, Donald A. Haubner ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. § 300aa-10 et seq. (2012). Petitioner alleged that he suffered from a series of conditions, including peripheral neuropathy, carpal tunnel syndrome, and hypothyroidism, as a result of the flu vaccine administered on October 20, 2013. Pet. at 1, ECF No. 1. On October 22, 2021, I issued a decision denying entitlement to compensation and dismissing Petitioner's claim. Decision, ECF No. 89.

On January 24, 2022, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 93. Petitioner requests total attorneys' fees and costs in the amount of **$39,717.75**, representing **$34,290.50** in attorneys' fees and **$5,427.25** in attorneys' costs.[3] *Id.* at 4. Pursuant to General Order

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner was awarded interim attorneys' fees and costs in February of 2019 in the amount of $23,482.63 for his previous counsel, Mr. Otwell Rankin. ECF No. 69.

No. 9, Petitioner has indicated that he has not incurred any personal expenses as a result of this claim. *Id.* at 3. Respondent filed his response on January 24, 2022, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case . . . [and] request[ing] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3, ECF No. 94. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

    **I.**    **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    **a.  Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 can be accessed online.[4]

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

Petitioner requests the following hourly rates for the work of his counsel, Mr. Andrew Downing: $385.00 per hour for work performed in 2018–2021; for Ms. Courtney Van Cott, $205.00 per hour in 2018–2019, and $275.00 per hour in 2020–2021; and a rate of $135.00 per hour for work performed by two paralegals during the same time period. *See* Pet'r's Mot. for AFC, Ex. A at 1–16, ECF No. 93-1. The rates requested are consistent with what Mr. Downing, Ms. Van Cott, and their staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein. *See, e.g.*, *Olschansky v. Sec'y of Health & Hum. Servs.*, No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).

b. **Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. However, I find a slight reduction is necessary due to time billed by Mr. Downing, Ms. Van Cott, and their paralegal for administrative tasks, including the organization of the case materials, the preparation and filing of documents, and the receipt and review of the Court's CM/ECF notifications. *See* Pet'r's Mot. for AFC, Ex. A at 1–16; *see also McCulloch,* 2015 WL 5634323, at *26. These issues have previously been raised with the Van Cott & Talamante firm. *See Sheridan v. Sec'y of Health & Hum. Servs.,* No. 17-699V, 2019 WL 948371, at *2–3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.,* No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). I find this results in a total reasonable reduction of approximately 5.25 hours or $765.75.[5] Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$33,524.75**.

c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$5,427.25** in attorneys' costs, comprised of postage, expert fees, and research costs. Pet'r's Mot. for AFC, Ex. A at 19–23. Petitioner has provided adequate documentation of all these

---

[5] This amount is comprised of approximately 0.2 hours for work performed by Mr. Downing on two dates in 2018 and 2019, for a total of $77.00; approximately 0.1 hours for work performed by Ms. Van Cott on one date in 2019, for a total of $20.50; and approximately 4.95 hours for work performed by paralegal Ms. Avery on numerous dates from 2018–2021, for a total of $668.25. *See* Pet'r's Mot. for AFC, Ex. A at 1–16.

3

expenses, and they appear reasonable in my experience. *See id*. Accordingly, Petitioner is awarded the full amount of costs sought.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Final Attorneys' Fees Requested | $34,290.50 |
| (Reduction to Fees) | -$765.75 |
| **Final Attorneys' Fees Awarded** | **$33,524.75** |
| | |
| Final Attorneys' Costs Requested | $5,427.25 |
| (Reduction of Costs) | - |
| **Final Attorneys' Costs Awarded** | **$5,427.25** |
| | |
| **Final Attorneys' Fees and Costs** | **$38,952.00** |

Accordingly, I award a lump sum in the amount of **$38,952.00** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew Downing, for final attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.